Agnes STENGER, by her representative and next friend, Robert LEKICH, Plaintiff,

v.

Otis BOWEN, M.D., Secretary, United States Department of Health and Human Services, Defendant.

No. CV 86–2929 (RJD).

United States District Court, E.D. New York.

Aug. 18, 1988.

---

Debra Marcus, Mary Fisher Bernet, Asst. Attys. Gen., New York City, for plaintiff.

Susan Kayser, Dept. of Health & Human Services, New York City, David M. Nocenti, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

Mrs. Agnes Stenger, then ninety-one years old, fell on February 8, 1983 and fractured her left shoulder. She was treated as a inpatient at Hillcrest Hospital until February 17, 1983, when she was released from Hillcrest and admitted to Flushing Manor Nursing Home, a skilled nursing facility (SNF). Admission to Flushing Manor was requested by her treating physician, who determined that she needed assistance in all activities of daily life. At Flushing Manor, Mrs. Stenger received a large number of rehabilitative services designed to restore movement in the fractured joint, to build her physical strength to the point where she could get around on her own, and to overcome her psychologically crippling fear of falling again. Mrs. Stenger's fear, unfortunately, proved justified on April 1, 1983, when she fell at Flushing Manor and broke her right hip. Her treatment at Flushing Manor ended with her rehospitalization that day.

Upon admission to Flushing Manor, Mrs. Stenger was told that Medicare would not pay for her treatment there. Travelers Insurance Companies, the Medicare fiscal intermediary, see 42 C.F.R. § 400.202, confirmed the provider's determination both initially and on reconsideration. R. 23. Mrs. Stenger's request for a hearing was dismissed by the Administrative Law Judge (ALJ), id., but the dismissal was reversed by the Appeals Council, R. 19–20. Mrs. Stenger died before a hearing was held. However, the New York State Department of Social Services (DSS), through Robert Lekich, continued to press Mrs. Stenger's claim as her representative, and a hearing was held. On May 27, 1986, the ALJ denied coverage in a four-page opinion. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied review. This appeal from that decision followed.

The Secretary moved to dismiss, arguing that DSS had no right to maintain this suit on Mrs. Stenger's behalf. DSS, of course, has an interest in the outcome of this action, because DSS paid part of the cost of Mrs. Stenger's stay in Flushing Manor, under the joint state-federal Medicaid program. For that reason, this Court denied the Secretary's motion to dismiss, Stenger by Lekich v. Bowen, No. 86–2929 (E.D.N.Y. Sept. 10, 1987) [available on WESTLAW, 1987 WL 45154], a decision that has since been vindicated by the Second Circuit in a similar case, New York State Dept. of Soc. Servs. v. Bowen, 846 F.2d 129 (2d Cir.1988).

**1476**

Plaintiff then moved for judgment on the pleadings, and defendant cross-moved for an order remanding the case for further administrative proceedings.

■ Defendant asks for a remand to correct a conceded legal error made by the ALJ. In deciding whether services provided in an SNF are covered by Medicare, *see* 42 U.S.C. § 1395f(a)(2)(C), the Secretary must consider the patient's condition as a whole. *Friedman v. Secretary of HHS,* 819 F.2d 42, 45 (2d Cir.1987); 42 C.F.R. § 409.33(a)(1). The ALJ failed to do so. His finding, R. 9–12, that Mrs. Stenger required and received only "custodial care" at Flushing Manor, 42 U.S.C. § 1395y(a)(9), is based upon consideration of the treatment given to Mrs. Stenger's shoulder injury but makes no reference to her ambulation difficulties, (R. 48–49), her fear (*id.*), or the complex of prescribed medications she was taking that required careful administration and monitoring (R. 32–33, 37, 65–67). Furthermore, in considering the therapy Mrs. Stenger received, the ALJ failed to recognize that such treatment qualified as "skilled rehabilitation services" under the Medicare regulations, 42 C.F.R. § 409.33(c). The Secretary admits that the ALJ misapplied the legal standards as stated in the case law and regulations. Defendant's Brief at 9.

■ Moreover, the ALJ's decision is not supported by substantial evidence in the record. Indeed, on this record, the ALJ's decision borders on the irrational. The ALJ gave dispositive weight to the opinion of consulting physician Dr. Meyer Texon, who had never seen Mrs. Stenger and thus based his opinions on the same treatment records that were available to DSS' witness, registered nurse Florence Caretto. In relying solely on Dr. Texon's opinion, the ALJ ignored the opinions of numerous treating sources (R. 33, 48–51, 54–57, 68–70) and Ms. Caretto, as well as the evidence of the actual treatment administered to Mrs. Stenger. Unlike *Friedman, supra,* this is "a case in which the ALJ and reviewing physician reached a decision contrary to the uncontroverted medical testimony, or unsupported by other adequate

acceptable evidence." *Warncke v. Harris,* 619 F.2d 412, 416 (5th Cir.1980) (quoted in *Friedman,* 819 F.2d at 45–46). This Court so rules even without deciding whether the "treating physician rule" developed in disability cases, *see, e.g., Murdaugh v. Secretary of HHS,* 837 F.2d 99, 101 (2d Cir.1988), applies to review of Medicare coverage determinations. Even without a treating physician rule, no "reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support" the ALJ's conclusion. *Rodriguez v. Secretary of HHS,* 647 F.2d 218, 222 (1st Cir.1981) (quoted in *Friedman, supra,* 819 F.2d at 44); *cf. Friedman,* 819 F.2d at 46 (declining to decide applicability of treating physician rule to Medicare cases because Secretary's determination would in any event have withstood application of rule).

Faced with the inadequacies in the decisions of the ALJ and the Appeals Council, the Secretary asks for a remand to permit him to apply the correct legal standards. Defendant correctly notes that 42 U.S.C. § 405(g), as amended, does not prevent this Court from ordering a remand for correct application of legal standards. *Aubeuf v. Schweiker,* 649 F.2d 107, 115–16 (2d Cir. 1981); *Carroll v. Secretary of HHS,* 705 F.2d 638 (2d Cir.1983). These two cases, however, although frequently cited by the Secretary in support of remand motions, evince no legal preference for remand over reversal. In *Aubeuf,* the Second Circuit rejected *HHS'* argument that the amendment to section 405(g) precluded remand for further proceedings in cases where the court did not feel outright reversal was warranted. In *Carroll,* the Second Circuit considered the appropriate remedy where the Secretary's decision was not supported by substantial evidence but could be if more evidence were introduced. The court held that outright reversal, rather than a remand for further proceedings, was appropriate unless the Secretary could show "good cause," as required by the statute, for the failure to develop an adequate record. 705 F.2d at 644; 42 U.S.C. § 405(g). Neither *Aubeuf* nor *Carroll* suggests that remand is appropriate whenever the Secretary asks for it, nor relieves

the Secretary of his burden to show "good cause" for remanding the case for further action.

■ Here, the Secretary simply argues that, because the ALJ misapplied the law, the case should be remanded to allow HHS an opportunity to correct the error. This does not impress the Court as "good cause." Furthermore, a remand would serve no purpose other than delay, because, as indicated above, the evidence in the record inescapably compels the conclusion that Mrs. Stenger's care was covered by Medicare. Moreover, the Secretary makes no pretense that any new material evidence could be introduced on remand that would alter this conclusion.

■ Delay, defendant argues, should not concern the Court in this case, because it is DSS, rather than an elderly individual, that is awaiting payment. DSS, however, is as entitled to prompt justice and prompt payment as the individual DSS represents. In this as in any case, time is money, and the Court sees no reason to make a state agency wait for funds that are rightfully due from a federal agency.

In view of the Secretary's failure to show "good cause" for a remand, I decline, as Judge Korman did in a similar case, "to exercise my discretion to order further administrative proceedings in a case which is already [over] five years old." *Perales v. Bowen,* No. CV 86–2690 (E.D.N.Y. Dec. 28, 1987). Because the determination of the Secretary is not supported by substantial evidence, and because the Secretary applied incorrect legal standards in reaching his decision, the final determination of the Secretary is reversed, and the case remanded for calculation of benefits.

SO ORDERED.